UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06cv7-R

DILLARD DANIEL, et. al.,                                                                          PLAINTIFFS

v.

KENDRA WILSON, et. al.,                                                                         DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on the Defendants' Motion for Partial Dismissal (Docket #6). The Plaintiffs have responded (Docket #8), and the Defendants have replied to their response (Docket #9). The Plaintiff amended his complaint, (Docket #20) and the Defendants answered the amended complaint (Docket #21) incorporating its original motion to dismiss (Docket #23). This matter is now ripe for adjudication. For the following reasons, the Defendants' Motion for Partial Dismissal is **GRANTED**.

## BACKGROUND

This matter involves a suit brought against Kentucky State Police Troopers Kendra Wilson ("Wilson") and Martin Wesley ("Wesley") in their official capacities. Both sides have agreed to dismiss the Commonwealth of Kentucky from this matter. The Plaintiffs allege that on October 1, 2005, Wilson and Wesley went to the home of Dillard Daniel ("Mr. Daniel") to serve an arrest warrant, even though Mr. Daniel had already posted bond. Mr. Daniel was not at his house at the time the officers arrived, however his wife Gladys and their three (3) children were there. The Plaintiffs argue that the entry into their home was an unlawful intrusion. Subsequent to this event, the Plaintiffs brought an action against the Defendants in both their individual and official capacities under 42 U.S.C. §§1983 and 1981, and 28 U.S.C. §§1331, 1337 and 1343, as well as KRS 411.184 and other state law claims.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

The United States Supreme Court, in a case arising from the Sixth Circuit, has held that a "suit against a state official in his or her official capacity is not a suit against the official, but rather a suit against the official's office." *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 67 (1989). As such, a suit against a government agent in their official capacity equates to a suit against the government agency in question, which in this case would be the Commonwealth of Kentucky. However, "[i]t is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages. *See, e.g., Thiokol Corp. v. Dep't*

*of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir.1993); *Tucker v. Ohio Dept. of Rehabilitation and Corrections*, 157 F.3d 453, 456 (6th Cir. 1998).  Though the Plaintiffs correctly recognize that state officials and officers can be held *personally* liable for monetary damages based on actions taken while they are in their official capacity working for the state, this does not mean that the state shall pay on behalf of the officials and/or for their personal actions taken in their official capacity. *Hafer v. Melo*, 502 U.S. 21, 25-26 (1991). Accordingly, the federal claims against Wilson and Wesley in their official capacities fail as a matter of law.

      The immunity for Wilson and Wesley in their official capacity also applies to the state law claims brought by the Plaintiffs.  In *Yanero v. Davis*, the Kentucky Supreme Court determined that suits brought against state officials and officers in their official capacity fail as a matter of law unless the state consents that the officers and/or official may be liable in their official capacity. *Yanero v. Davis*, 65 S.W.3d 510, 517-518 (Ky. 2001).  In the instant matter, the Commonwealth of Kentucky has not waived its immunity as to the claims brought by the Plaintiffs against Wilson and Wesley. *Yanero*, 65 S.W.3d at 519, 522.  Accordingly, the state law claims against Wilson and Wesley in their official capacities fail as a matter of law.

## CONCLUSION

      For the foregoing reasons, the Defendants' Motion for Partial Dismissal is **GRANTED**. As agreed, the Commonwealth of Kentucky is no longer a party to this action, and in any event, the claims against the Commonwealth fail as a matter of law.  In addition, the claims brought against Wilson and Wesley in their official capacities under both state and federal laws also fail as a matter of law.

An appropriate order shall issue.